will be taken under advisement in seven days. Rodriguez-Contreras v. Sessions is next. Good morning. May it please the Court, Sajel Zota, fourth petitioner from the National Immigration Project. This case involves a straightforward legal issue that this Court has not previously addressed in its prior cases. Recent Supreme Court precedent has provided critical guidance on how the categorical and modified categorical approaches apply. This Court is bound to follow that law, and under that law, the petitioner wins. Now the government has conceded a number of issues here, including that under the correct application of the law, the state statute here is broader than the federal definition. On page 15 of this brief, it concedes, quote, the Illinois statute of conviction is broader than the federal offense because it criminalizes some conduct, namely possession by a felon of a device which expels a projectile by expansion of gas or escape of gas that the federal offense does not. Counsel, let me tell you what my trouble is with that, which is that all, every firearm works by the expansion of gas, right? When in a standard handgun, the cartridge is set off, some substance is rapidly oxidized, and then a high-pressure gas expels the projectile out of the barrel. Why does the source of the high-pressure gas matter? Well, Your Honor, that's a policy choice that Congress made, and this Court in construing... No, you're just telling me your conclusion. I'm asking what does this, right? I assume you're relying on the word explosive or explosion. Well, when a volcano explodes, there's no way to describe that as an explosion. So that's the question I want you to focus on. Why? The federal statute uses the word explosion. Why isn't all rapidly expanding gas a form of explosion? That's the question. Yes, Your Honor. Well, courts have distinguished between those, between expelling a projectile... I'm not asking what courts have done. I'm asking, if you think about a volcano, all that happens, propels lava 35,000 feet into the air, is gas coming out of solution in the magma. There's no oxidation going on. There's no gunpowder. There's no TNT. It's just gas, and the word used to describe that is explosion. That's why I'm trying to get you to focus on why the word explosion doesn't include all rapidly expanding gas. Well, I believe the way in which Congress has used explosive refers to gunpowder involving fire. But why do you believe that? That's the linchpin of your argument. Maybe that's right, but just asserting the linchpin again doesn't tell us why that's the right thing. Is it that there is some background to this statute? There's this alcohol, tobacco, and firearms ruling which seems to say that pneumatic rifles are outside the scope of the federal law. Yes, that's right. But I'm not sure that that's a good ground of statutory construction. There is also a law, 15 U.S.C. 5001, which specifically exempts look-alikes for weapons that expel a projectile through air pressure. That statute specifically says that these are not federal firearms or look-alikes. That's something that might carry the day for statutory interpretation. You've got these two statutes side-by-side, and one of them assumes that high-pressure gas is not explosion. That might carry the day for you. That's the kind of thing I was looking for. Have you got any more? Also, the Rule 2005-4 that the Court has already referred to. Administrative rulings well after a statute's enactment don't really tell us what the statute thinks it means, and the agency may be right or it may be wrong, but we're not in the world of Chevron here. Criminal statutes aren't—there's no Chevron deference in construing criminal statutes. Yes. So, Your Honor, in here where the statute defines a single offense, which again the government does not contest, Supreme Court decisions instruct that courts do not apply the modified approach and do not look to the type of firearm. Rather, the court examines whether the minimum conduct here at gas-powered weapons comes within the charged federal ground. Now, the government does not contest this, but tries to get around it by arguing that there's not a realistic probability that Illinois actually prosecutes gas-powered weapons. That's really one of the key disputes here, and Petitioner has satisfied a realistic probability of prosecution in two different ways in this case. First, we've pointed to the plain language of the Illinois statute, which by its express terms punishes gas-powered weapons. Conduct that the government has conceded is broader than the federal ground, and four circuits have upheld this. Second, we've pointed to actual prosecutions for gas-powered weapons, and we most recently in our 28J submitted a case in which a defendant was prosecuted for this exact statute at question here—felon in possession of a firearm for possessing an air rifle. The government says that these things are not enough, and its arguments fail for two reasons. First, we've pointed to the plain language. Four circuits have said this is sufficient. The government says that the Supreme Court has said you need to point to a case every single time. The government misconstrues the law. The Supreme Court has said that where it's unclear that the state statute is broader, that in that case you need to point to an actual case. It can't be a product of legal imagination, but nothing like that is happening here. This is not guesswork. Gas-powered weapons is in the statute itself. That is the clear intent of the Illinois legislature, and for that reason satisfies a realistic probability. In addition, we've pointed to actual prosecutions for this event. For those reasons, this conviction is not an aggravated felony. We would ask the court to grant petition for review. Mm-hmm. Thank you, Ms. Sota. Mr. Stalzer. Good morning, Your Honors. Counsel, may it please the Court, my name is Rob Stalzer. I'm here on behalf of the AG. Your Honors, the reason the Illinois statute does not present a reasonable probability